RECEIVED
SDNY PRO SE OFFICE
2026 SEP -9 PM 3:44

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Wendell P. Smith,
Miguelina M. Osorio

Write the full name of each plaintiff.

_____CV_______________
(Include case number if one has been assigned)

-against-

618 Riverside Drive Owners inc.
etal

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

## COMPLAINT

Do you want a jury trial?
☑ Yes ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

MIGUELINA M. OSORIO and

WENDELL P. SMITH,

Plaintiffs, -against- 618 RIVERSIDE DRIVE OWNERS INC.; PANAGIOTIS "PETER" MOUTSAKIS, individually and d/b/a PANOS MANAGEMENT INC.; GUIDANCE REALTY & PROPERTY MANAGEMENT; KONSTANTINE "KOSTAS" TSISKAKIS; JULIA HERRERA SANTOS; and VALERIO GUERRERO,

Defendants.

## COMPLAINT

Plaintiffs Miguelina M. Osorio and Wendell P. Smith, appearing pro se, allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs Miguelina M. Osorio and Wendell P. Smith reside at Apartment 61, 640 West 139th Street, New York, New York.

2. Defendant 618 Riverside Drive Owners Inc. is alleged to be the owner and/or landlord of the subject multiple dwelling.

3. Defendant Panagiotis "Peter" Moutsakis, individually and doing business as Panos Management Inc., is alleged to have exercised management, ownership-related, supervisory, and/or operational responsibilities concerning the premises during relevant periods.

4. Defendant Guidance Realty & Property Management is alleged to have exercised management and/or operational responsibilities concerning the premises during relevant periods.

5. Defendant Konstantine "Kostas" Tsiskakis is alleged to have exercised ownership-related, management, supervisory, and/or operational responsibilities concerning the premises during relevant periods.

6. Defendant Julia Herrera Santos is alleged to have exercised management, supervisory, and/or operational responsibilities concerning the premises during relevant periods.

7. Defendant Valerio Guerrero acted as superintendent and/or building personnel during relevant periods.

8. The events alleged occurred in New York County and concern residential premises located in New York County.

9. Plaintiffs seek monetary relief within the jurisdictional limit of this Court, together with any other relief this Court is authorized to grant.

10. Plaintiffs do not allege that every Defendant is liable under every cause of action. The precise legal capacities and responsibilities of the Defendants are alleged based on information presently available and may be amended if permitted by the Court.

## FACTUAL ALLEGATIONS

11. Plaintiffs have continuously occupied Apartment 61 since approximately November 2017. 12. Plaintiffs entered the housing process together through NYC Rooms for Rent Inc., an apartment-sharing/rental agency. Plaintiff Miguelina M. Osorio was personally present with Plaintiff Wendell P. Smith during their dealings with the rental agency, although the Apartment Sharing Contract was completed and signed in Wendell P. Smith's name.

12. During their dealings with the rental agency, Plaintiffs were offered two locations to view. Plaintiffs were informed that if they were not satisfied with the first location, Apartment 61 at 640 West 139th Street, New York, New York, the other housing option would remain available for them to view.

13. Plaintiffs were permitted to take possession of Apartment 61 and paid weekly rent from the commencement of their occupancy. Plaintiffs allege that this arrangement constituted an oral residential rental agreement.

14. Defendant Valerio Guerrero, who acted and/or represented himself as the superintendent, permitted Plaintiffs to enter and occupy Apartment 61 and accepted their weekly rent, which Plaintiffs allege he collected on behalf of Panos Management Inc. and/or Panagiotis "Peter" Moutsakis. Utilities and Wi-Fi service were provided as part of the living arrangement. Plaintiffs were never provided a written lease.

15. Plaintiffs never traveled to, entered, or viewed the alternate Bronx housing option offered through the rental agency; they selected Apartment 61 and have treated it as their residence since approximately November 2017.

16. During Plaintiffs' occupancy of the building, Plaintiffs became acquainted with Gulcan Cetin, whom Plaintiffs knew as "Mavi," and her spouse. Plaintiffs allege that when they initially met Cetin and her spouse, they presented themselves to Plaintiffs as tenants of the building. Plaintiffs were not informed at that time that Cetin held a position on the Board of Directors of 618 Riverside Drive Owners Inc.

17. Plaintiffs subsequently had a direct interaction with Cetin at Apartment 61 concerning Defendant Konstantine "Kostas" Tsiskakis. During that interaction, Cetin came to Plaintiffs' apartment and spoke with Plaintiffs concerning money in connection with Plaintiffs vacating Apartment 61.

18. Plaintiffs subsequently learned through publicly filed records in a Supreme Court Article 78 proceeding, Konstantine Tsiskakis v. 618 Riverside Drive Owners Inc., et al., Supreme Court of the State of New York, New York County, Index No. 166572/2025, that Gulcan Cetin was identified in the verified petition as having served as a member of the cooperative corporation's Board of Directors until August 31, 2025 and as being associated with Apartment 38 at 640 West 139th Street. Plaintiffs allege that they were unaware of Cetin's governance role during their earlier interactions with her.

19. The same publicly filed Article 78 proceeding concerns the ownership and governance of 618 Riverside Drive Owners Inc. and identifies 618 Riverside Drive and 640 West 139th Street as alternate addresses for the same building. Plaintiffs reference these records solely as relevant background concerning the publicly alleged corporate and governance relationships of persons with whom Plaintiffs interacted during their occupancy. Plaintiffs are not parties to Index No. 166572/2025 and do not adopt the allegations made by the parties in that proceeding as independently established facts.

20. Plaintiffs do not presently allege that Cetin personally denied them a mailbox key or personally interfered with their mail.

21. From approximately November 2017 forward, Plaintiffs were not provided with a key permitting them independent access to the mailbox assigned to Apartment 61 despite their continuous residence at the premises.

22. Plaintiffs repeatedly sought access to their assigned mailbox and allege that the continuing absence of a mailbox key prevented them from independently retrieving, monitoring, and securing mail addressed to their household.

23. Plaintiffs' affected correspondence included government correspondence, court-related documents, benefits-related correspondence, insurance and financial correspondence, legal documents, and personal mail.

24. Because Plaintiffs could not reliably depend upon receiving court-related documents through their assigned mailbox, Plaintiffs continually monitored electronic court filings concerning their pending housing matters in an effort to avoid missing notices, motions, appearances, decisions, deadlines, and other important court information.

25. On certain occasions, mail specifically addressed to Plaintiffs and/or Apartment 61 was personally handed to Plaintiffs by a building handyman rather than being independently retrieved by Plaintiffs from their assigned mailbox. Plaintiffs do not allege, without additional evidence, that this individual stole Plaintiffs' mail or engaged in similar conduct concerning other occupants.

26. Plaintiffs repeatedly requested a mailbox key and independent access to their mail from persons acting for or associated with ownership and building management. Plaintiffs allege that these repeated requests, their court application concerning mailbox access, and the later USPS PS Form 1507 placed the responsible owner, landlord, lessor, and/or their agents on actual or constructive notice of the mailbox condition and Plaintiffs' lack of independent access.

27. Plaintiffs subsequently located a publicly available Facebook posting dated August 30, 2021 concerning 640 West 139th Street. In the posting, an individual who stated that she had resided at the building reported that tenants were not permitted to have a key to the mailbox. Plaintiffs did not author the posting and do not allege that the posting, standing alone, establishes the truth of the author's statements. Plaintiffs identify the posting solely as potential corroborating evidence that concerns regarding tenants' access to mailbox keys at the same building had been publicly reported as early as 2021, years before the November 20, 2025 USPS PS Form 1507 concerning mailbox conditions at the premises.

28. Plaintiffs submitted multiple complaints concerning their mailbox and mail-delivery concerns to the U.S. Postal Inspection Service, including complaints assigned Reference Nos. 38217251, 38257758, 38257771, 38263092, and 38263106. Plaintiffs possess the corresponding complaint confirmations and related communications.

29. Plaintiffs raised the continuing mailbox-access issue in Housing Court. On March 5, 2026, Plaintiffs sought relief concerning mailbox access and represented that they had not been provided a mailbox key since 2017.

30. Plaintiffs rely on the March 5, 2026 Housing Court Decision and Order as contemporaneous evidence that the mailbox-access condition had been raised; Plaintiffs do not characterize that order as a finding that any Defendant committed mail theft or a federal crime. 32. Plaintiffs possess a sworn and notarized affidavit from an occupant of Apartment 9 describing that witness's own lack of a mailbox key and unreliable mailbox access. 33. Plaintiffs offer the Apartment 9 affidavit only as corroborating evidence and do not seek relief on behalf of that witness or any other occupant.

31. Plaintiffs are also aware of additional witnesses with personal knowledge of relevant facts.

## FIRST CAUSE OF ACTION - BREACH OF WARRANTY OF HABITABILITY (REAL PROPERTY LAW § 235-b)

32. On September 8, 2026, Plaintiff Miguelina M. Osorio encountered a United States Postal Service mail carrier at the building while the mailbox bank was open. With the mail carrier's permission, Osorio photographed the open mailbox bank. The photograph depicts accumulated mail inside multiple receptacles. Plaintiffs allege that this photograph, considered together with their continuing lack of a mailbox key, their repeated requests for access, the USPS PS Form 1507, and the other evidence described above, further documents the continuing mailbox-access condition. Plaintiffs allege that the prolonged denial of independent access despite notice was knowing and intentional to the extent established through discovery and other admissible evidence. Plaintiffs do not contend that the photograph alone establishes who placed, retained, removed, or withheld any particular item of mail.

33. On September 6, 2026, Plaintiffs photographed multiple pieces of mail and envelopes found on the ground beside the building ramp leading toward the basement at 640 West 139th Street. The photographs document the location and condition in which the mail was observed. Plaintiffs do not allege that the photographs, standing alone, establish who placed, discarded, removed, or otherwise handled any particular item of mail.

34. On February 28, 2026, Plaintiff Miguelina M. Osorio photographed a handwritten notice posted inside the building concerning an allegedly taken parcel and requesting its return, including if opened. Plaintiffs offer the photograph to document that the notice was posted and what it stated, not as proof that any identified person took a parcel or that the allegations written on the notice are true.

35. Plaintiffs repeat and reallege paragraphs 1 through 37. This cause of action is asserted only against the defendant or defendants shown to have been Plaintiffs' landlord, lessor, or contracting party to the oral residential rental agreement; it is not asserted against a person solely because that person acted as a non-contracting managing agent or employee.

36. Real Property Law § 235-b implies a warranty of habitability in every written or oral residential lease or rental agreement.

37. Plaintiffs allege that their approximately November 2017 residential arrangement for Apartment 61, including permission to occupy the apartment and the payment and acceptance of weekly rent, constituted an oral residential rental agreement within the meaning of Real Property Law § 235-b.

38. Plaintiffs allege that the prolonged lack of an independent mailbox key and reliable access to an assigned mail receptacle deprived them of an essential residential function and materially interfered with the reasonably intended use of their residence.

39. Plaintiffs allege that the responsible landlord or lessor had actual or constructive notice of the condition through Plaintiffs' repeated requests and complaints, the prior court application, and the USPS documentation described above, and that the condition was not timely corrected.

40. Plaintiffs allege that these circumstances constituted a breach of the warranty of habitability to the extent established by the evidence and applicable law.

41. Plaintiffs seek the rent abatement and other relief legally recoverable under Real Property Law § 235-b for the proven period and extent of any breach.

42. Plaintiffs acknowledge that the amount of any abatement must be determined from the evidence, including the duration and severity of the condition, notice, and the value of the premises during the proven period of breach.

43. The identity of the contracting landlord or lessor is pleaded from the facts presently available to Plaintiffs.

## SECOND CAUSE OF ACTION - STATUTORY MAIL-SERVICE DUTY (NYC ADMINISTRATIVE CODE § 27-2047)

44. Plaintiffs repeat and reallege paragraphs 1 through 46. This cause of action concerns the statutory mail-service duty imposed by New York City Administrative Code § 27-2047 and is asserted only against a defendant to the extent that defendant qualifies as an owner or other legally responsible person under the Housing Maintenance Code.

45. New York City Administrative Code § 27-2047 requires the owner of a multiple dwelling either to arrange for prompt distribution of mail or to provide and maintain approved mail receptacles and directories in accordance with applicable postal requirements. 46. Plaintiffs allege that the conditions documented by USPS PS Form 1507, including tenants lacking keys and malfunctioning or damaged receptacles, together with Plaintiffs' prolonged lack of independent mailbox access, are relevant evidence of noncompliance with that statutory mail-service duty.

46. Plaintiffs seek only relief under § 27-2047 that this Court has authority to award and applicable law permits.

47. Plaintiffs do not allege that § 27-2047 automatically creates an independent right to consequential or compensatory money damages.

48. This statutory cause of action is not intended to impose liability on an employee, agent, shareholder, director, or manager beyond liability authorized by applicable law.

## DAMAGES AND CAUSATION

49. Plaintiffs repeat and reallege the foregoing allegations. Plaintiffs allege that the mailbox and mail-access conditions caused delayed, missing, inconsistent, or unreliable receipt of important mail and required Plaintiffs to take additional measures to protect their legal and governmental matters.

50. Plaintiffs allege problems involving government and HRA correspondence and the need to continually monitor electronic court filings because they could not reliably depend upon mailed court papers.

51. Plaintiffs also allege financial hardship and other losses occurring during the period of the mail-access problems, including a vehicle repossession and concerns involving personal and financial information. Plaintiffs do not allege that every such loss was necessarily caused merely by the absence of a mailbox key.

52. Plaintiffs seek additional loss only where admissible evidence establishes duty, causation, foreseeability, and a legally recoverable basis.

53. Under the warranty claim, Plaintiffs seek an appropriate rent abatement based on the proven duration and extent of any breach.

54. Any monetary award requested is limited to relief legally recoverable under the cause of action proven.

## PRESERVATION OF RIGHTS

55. Plaintiffs reserve the right to seek leave to amend or supplement this Complaint in accordance with applicable procedural rules and Court orders based on evidence obtained during this action.

56. Plaintiffs reserve the right to identify additional responsible parties if lawfully obtained evidence demonstrates their involvement.

57. Plaintiffs reserve the right to obtain and present USPS and Postal Inspection records, housing records, court records, photographs, videos, communications, envelopes, tracking information, financial and governmental records, witness testimony, and other admissible evidence.

58. Nothing in this section is intended to create a cause of action that does not otherwise exist, extend a statute of limitations, avoid claim-preclusion rules, or excuse any procedural requirement imposed by law. WHEREFORE

Plaintiffs respectfully request that the Court:

A. Enter judgment in Plaintiffs' favor on each legally cognizable claim proven; B. Award an appropriate rent abatement and other relief legally recoverable under Real Property Law § 235-b against the defendant or defendants proven to be Plaintiffs' landlord or lessor;

C. Grant such relief concerning the statutory mail-service duty under New York City Administrative Code § 27-2047 as is legally available and within this Court's authority;

D. Award additional compensatory damages only to the extent a separate legally cognizable basis is established and supported by proof of causation;

E. Award costs and any other relief authorized by law; and

F. Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York 09 | 09, 2026

Respectfully submitted,

**MIGUELINA M. OSORIO**
Plaintiff Pro Se

Apartment 61

640 West 139th Street

New York, New York

Signature: ____________________

**WENDELL P. SMITH**
Plaintiff Pro Se

Apartment 61

640 West 139th Street

New York, New York

Signature: ____________________

## SELECTED EXHIBIT LIST

Exhibit A: NYC Rooms for Rent Inc. Apartment Sharing Contract and agency business card, relating to Plaintiffs' rental-agency housing process.

Exhibit B: USPS PS Form 1507, Request to Provide Mail Receptacle, dated November 20, 2025, concerning mailbox conditions at 640 West 139th Street.

Exhibit C: Civil Court Decision/Order dated March 5, 2026, Index No. LT-000282-26/NY, reflecting Plaintiffs' prior request concerning mailbox access for Apartment 61.

Exhibit D: Sworn and notarized affidavit of the Apartment 9 witness, dated April 26, 2026, offered as corroborating evidence concerning rental practices and mailbox-access conditions at the building.

Exhibit E-1: Photograph showing an open and/or damaged mailbox compartment with mail visible inside the mailbox bank at 640 West 139th Street.

Exhibit E-2: Additional close-up photograph showing an open mailbox compartment with mail visible inside the mailbox bank at 640 West 139th Street.

Exhibit E-3: Wider photograph showing the mailbox bank and the USPS PS Form 1507 posted at the location.

Exhibit E-4: Photograph taken September 8, 2026 by Plaintiff Miguelina M. Osorio, with the mail carrier's permission while the mailbox bank was open, depicting accumulated mail inside multiple receptacles at 640 West 139th Street.

Exhibit E-5(a), E-5(b), and E-5(d): Photographs taken September 6, 2026, depicting multiple pieces of mail and envelopes found on the ground beside the building ramp leading toward the basement at 640 West 139th Street. Plaintiffs offer the photographs to document the location and condition in which the mail was observed and do not allege that the photographs alone establish who placed, discarded, removed, or otherwise handled the mail.

Exhibit E-6: Photograph taken February 28, 2026, depicting a handwritten notice posted inside the building concerning an allegedly taken parcel and requesting its return, including if opened. The photograph is offered to document the notice as it appeared and its contents, not to establish who took any parcel or whether the allegations written on the notice are true.

Exhibit F: U.S. Postal Inspection Service complaint confirmations, Reference Nos. 38217251, 38257758, 38257771, 38263092, and 38263106, showing that Plaintiffs submitted complaints concerning their mailbox and mail-delivery concerns.

Exhibit G-1: Screenshot showing the source, date (August 30, 2021), and sufficient identifying context for the publicly available Facebook post concerning 640 West 139th Street.

Exhibit G-2: Screenshot showing the portion of that Facebook post in which the author reports that tenants were not permitted to have a key to the mailbox, together with enough surrounding text to preserve the statement's context.

Exhibit H: Selected publicly filed Supreme Court records from Konstantine Tsiskakis v. 618 Riverside Drive Owners Inc., et al., Supreme Court of the State of New York, New York County, Index No. 166572/2025, offered for the limited purpose of documenting the publicly alleged corporate and governance relationships relevant to Plaintiffs' interactions with persons associated with the subject building.

Exhibit I: Photograph of a physical rent receipt, Receipt No. 0179355, reflecting an apparent $350 payment and offered as corroborating evidence that Plaintiffs' occupancy involved payment of rent. Plaintiffs rely on the receipt as photographed and do not ask the Court to infer any faint or unclear handwriting beyond what is legible on the original.

# EXHIBIT A

## NYC ROOMS FOR RENT

Rental-agency housing process documents.

# EXHIBIT A

A-1 / A-2 - Apartment Sharing Contract and agency business card

No: 6695

ANY COMPLAINTS ABOUT THIS APARTMENT SHARING
AGENT SHOULD BE MADE TO:
New York State
Department of state office of the New York State
123 William Street 19th Fl. Department of State
New York, NY 10038
Telephone (212) 417-5747

**APARTMENT**
**SHARING CONTRACT**

Agreement between: **NYC ROOMS FOR RENT INC. (606 WEST 145TH STREET NY NY 10031)**
And (customer) Wendell Smith

(1) Customer seeks information regarding shared
Living accommodations with the following:
**Specifications:**
Date Available: 12/22/18
Monthly/Weekly rental range: $ 375
Geographical location: Bronx
Type of accommodation: Room
Elevator service required: __yes __no
Other requirements:

Just Fee

(2) Vendor represents that the following listings
Meet customer's specifications as set forth in
Paragraph (1)

Address: 3255 Park Ave
Name and telephone number of owner or primary tenant: Artie
Monthly/Weekly rent: $ 375
Utilities included: ✓ yes ____ no
Floor Location: ____
Elevator service available: ____yes ____ no
Date Available: 12/22/18

(3) Non-refundable Fee Paid: $ 300

*(4) The vendor agrees to be personally responsible*
*And liable for carrying out the terms of this*
*agreement.*

(5) This Document has been filled out and signed by:
Agent name: [illegible] Martinez
Agent signature: [illegible]
Customer Name: Wendell Smith
Customer Signature: [illegible]

-1132
58-2685
s4rent.com
ms4rent.com

# EXHIBIT A

A-1 / A-2 - Apartment Sharing Contract and agency business card



# EXHIBIT B

## USPS PS FORM 1507

Request to Provide Mail Receptacle dated November 20, 2025.

# EXHIBIT B

B-1 - USPS PS Form 1507 dated November 20, 2025

| U.S. Postal Service<br>**REQUEST TO PROVIDE MAIL RECEPTACLE** | From: Post Office, State and ZIP+4 Code | In Reply Refer to |
|---|---|---|

Advise correspondents to use your complete address *(include street identification, mobile home lot number, apartment number, office suite and ZIP+4 code)* on all mail *(forwarded or received)* addressed to or from you. These actions will reduce delays and misdeliveries.

**PRIVATE RESIDENCE**

Dear Customer:

Address 640 West 139th Street

In order to eliminate delays, reduce misdeliveries and insure speedy delivery of the mail, it is required that each house or business have a visible street identification number and conveniently located mail receptacles that conform to Postal regulations and specifications. Your premises lack the essential requirements for carrier delivery as indicated below.

| (✓) | Irregularities *(Checks are applicable to you)* |
|---|---|
| | No Mail Receptacle or Mailbox |
| X | Malfunctioning, Inoperative Mail Receptacles |
| | No House Number |
| | No Door Slot *(door slot must be at least 1.50 inches wide, 7 inches in length and shall not be less than 30 inches from the bottom of the door. Consult your Postmaster for complete specifications).* |
| | Screen Door Locked *(If necessary to keep it locked, you must install an outside box).* |
| | Mail Receptacle In Bad Condition |
| | Hazardous to reach receptacle *(Specify)* |
| | Approaches to Mail Receptacle are not kept clear of snow, vehicles, and other obstacles/impediments. |
| | Mail Receptacle not Approved by Postal Service *(Rural Routes)* |
| | Receptacle Improperly Located |
| | Others *(Specify)* |

| (✓) | Corrective Action Necessary but not limited to the item(s) Checked |
|---|---|
| | Install U.S. Postal Service Approved Receptacle |
| | Relocate Mail Receptacle or Mailbox to a More Visible and More Accessible Location |
| | Keep access to mailbox free of impediment(s) |
| X | Repair or Replace Malfunctioning Parts |
| | Other *(Specify)* |

**APARTMENTS AND MULTI-FAMILY HOUSING**

Dear Owner/Manager:

The mail receptacles located at __________

are in need of immediate repair. If new boxes are necessary, U.S. Postal Service approved boxes must be installed. So that there will be no questions as to disposition or treatment of mail, repairs must be made only when a representative of the Postal Service is present. It is unlawful for anyone other than Postal employees to open receptacles and expose mail.

| (✓) | Irregularities *(Checks are applicable to you)* |
|---|---|
| | Apartments without Receptacles |
| X | Tenants do not have keys |
| X | Receptacles with doors missing, bent or damaged |
| | Receptacles with doors loose on hinge |
| | Receptacles Mount Loose in Wall |
| | Receptacles without Locks or Malfunctioning Locks |
| | Receptacles left Unlocked |
| | Receptacles Incorrectly or Insufficiently Mounted in Wall |
| | Because of Extensive Damage Subject Receptacles should or must be replaced at the management/owners expense. |
| | The Name(s) of all Occupants and the Corresponding Apartment Number Must be Legibly Listed in a Clearly Visible Position on Either or Both the Inside or Outside of the Receptacle(s) |
| X | You Must Provide and Maintain Current Alphabetical Directory of all Persons Receiving Mail |
| | Others *(Specify)* |

| (✓) | Corrective Action Necessary but not limited to the item(s) Checked |
|---|---|
| X | Locks to be Replaced or Reconditioned and Tenants Provided with Keys |
| X | Repair or Replace any and all Defective Parts |
| | Replace or Install U.S. Postal Service Approved Receptacles |
| X | List the Names, Complete Address *(include box number of all Occupants Served by Each Receptacle)* in a current directory |
| | Others *(Specify)* |

Remarks

Mailboxes must be repaired all mail will be at local post office located at 521 West 146 Street.

Mail available for pick up Monday - Friday 12:00pm - 2:00PM

In order that the U.S. Postal Service may more expeditiously deliver your mail, your neighbors mail, avoid delivery problems and serve the general public more efficiently through the savings of carrier time, it is requested that you promptly correct the irregularities noted. Failure to correct the noted irregularities may necessitate the withdrawal of delivery service. The Postal Service does not desire to act arbitrarily in this matter; therefore, it is our request that you take immediate steps to provide acceptable facilities for delivery of your mail.

NOTE: If you have any questions or problems, please feel free to contact me at (212) 281-3281

| Postmaster/Authorized Representative Signature | Date 11/20/2025 |
|---|---|

PS Form 1507, March 1988 *(Previous editions usable)*

# EXHIBIT C

## CIVIL COURT DECISION/ORDER

March 5, 2026 - Index No. LT-000282-26/NY.

# EXHIBIT C

C-1 - Decision/Order dated March 5, 2026

Civil Court of the City of New York
County of New York
Part: S
Date: 3/5/26 Room: 1164 A

Index #: LT-000282-26/NY
Motion Seq #: 1

## Decision/Order

Miguelina M. Osorio; Wendell P. Smith
Petitioner(s)
-against-
Julia Herrera Santos; Valerio Guerrero; Panos Management;
618 Riverside Drive Owners Inc.
Respondent(s)

Present: Ferdinand
Judge

Recitation, as required by CPLR 2219(A), of the papers considered in the review of this OSC for:
**Application to Waive Court Costs, Fees, and Expenses**

| PAPERS | NUMBERED |
|---|---|
| Notice of Motion and Affidavits/Affirmations Annexed | |
| Order to Show Cause and Affidavits/Affirmations Annexed | |
| Answering Affidavits/Affirmations | |
| Replying Affidavits/Affirmations | |
| Exhibits | |
| Stipulations | |
| Other | |

Upon the foregoing cited papers, the Decision/Order in this Motion is as follows:

Upon Default of the Respondents today at 11:03 am Petitioners order to Show Cause is Denied w/o prejudice. Petitioners state that they are in possession of the apartment but are seeking access to their Mail Box and allege that they have not had a Mail Box key since 2017. Petitioners also have a pending Holdover proceeding in Part A on 3/10/26 @ 10:00 am Index #309548-25/NY. This order is without prejudice to Petitioners moving by OSC to Restore this case or Requesting this Relief in the Holdover proceeding or another proceeding. OK

Date:

Judge, Civil Housing Court

Generated: March 5, 2026

CHECK ONE:
MOTION SEQ. #:
CHECK IF APPROPRIATE:

☐ CASE DISPOSED ☐ NON-FINAL DISPOSITION
☐ GRANTED ☐ DENIED ☐ GRANTED IN PART ☐ OTHER
☐ SETTLE ORDER ☐ SUBMIT ORDER ☐ STAY CASE
☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

NOTES

3/5/[illegible]
HON. TRACY FERDINAND
JUDGE, HOUSING COURT

# EXHIBIT D

## WITNESS AFFIDAVIT

Sworn and notarized Apartment 9 witness affidavit dated April 26, 2026.

# EXHIBIT D

D-1 - Witness affidavit page 1

## AFFIDAVIT OF WITNESS (APARTMENT 9)

STATE OF NEW YORK )

COUNTY OF NEW YORK ) ss.:

I, Amaal Mady, being duly sworn, depose and state as follows:

1. I am an occupant of Apartment 9 at 640 West 139th Street, New York, New York, and I submit this affidavit in support of Respondents in the above-referenced matter.

2. I have personal knowledge of the facts stated herein.

3. I entered into occupancy of my apartment through a rental agency known as "NYC Rooms for Rent," located at 606 West 145th Street, New York, New York, I am also aware, based on information and conversations within the building, that other occupants, including Respondents, likewise obtained occupancy through the same agency.

4. I was not provided with a formal lease agreement at any time.

5. I paid rent on a weekly basis directly to the building superintendent, Valerio Guerrero.

6. These payments were made regularly and accepted by the superintendent as rent for my occupancy.

7. Based on my experience, the superintendent acted with authority in collecting rent and managing occupancy within the building.

8. I am aware that other occupants in the building, including Respondents, similarly paid rent directly to the superintendent.

9. I also experienced lack of proper mail access, including not having a mailbox key.

10. I did not have consistent or reliable access to a mailbox during my occupancy.

11. These conditions affected my ability to securely receive mail at the premises.

12. I am aware that Respondents have experienced similar issues with lack of mailbox access and interference with their mail.

13. Based on my experience and observations, the rental practices in the building appear to involve informal and non-traditional arrangements, including occupancy through a rental agency, payment of rent to the superintendent, and lack of formal lease agreements.

14. I am aware that Apartment 9 has previously been the subject of a Housing Court holdover proceeding in which an individual acting as a "Sublessee-Tenant" sought to evict occupants identified as "Sub-Sublessees." This reflects a pattern within the building of layered and informal rental arrangements, rather than direct landlord-tenant relationships.

15. This pattern is consistent with my own experience and that of other occupants in the building.

# EXHIBIT D

D-2 - Signature and notary page

16. I make this affidavit to confirm that the rental and payment practices described by Respondents are consistent with my own experience in the building.

17. I declare under penalty of perjury that the foregoing is true and correct.

Dated: 04/26, 2026

New York, New York

Signature

Amaal Mady

Print Name

Sworn to before me this

26 day of April, 2026

Notary Public

GISELLE PAYANO
Notary Public, State of New York
No. 01PA0021985
Qualified in Bronx County
My Commission Expires March 12, 2028

GISELLE PAYANO
Notary Public, State of New York
No. 01PA0021985
Qualified in Bronx County
My Commission Expires March 12, 2028

# EXHIBIT E

## MAILBOX PHOTOGRAPHS

Selected photographs depicting mailbox conditions at 640 West 139th Street.

# EXHIBIT E

E-1 - Open/damaged mailbox compartment with mail visible



# EXHIBIT E

E-2 - Additional close-up of open mailbox compartment



# EXHIBIT E

E-3 - Wider view of mailbox bank and posted USPS notice



# EXHIBIT E-4

Date: September 8, 2026
Time: (As taken on device)




Photograph taken September 8, 2026, by Plaintiff Miguelina M. Osorio, with the mail carrier's permission while the mailbox bank was open, depicting accumulated mail inside multiple receptacles, including Mailbox 61 (CARTY M.) at 640 West 139th Street, New York, New York.

# EXHIBIT E-5(a)

Photograph taken September 6, 2026, depicting multiple pieces of mail and envelopes found on the ground beside the building ramp leading toward the basement at 640 West 139th Street, New York, New York.



# EXHIBIT E-5(b)

Wider photograph taken September 6, 2026, depicting the location of multiple pieces of mail and envelopes found on the ground beside the building ramp leading toward the basement at 640 West 139th Street, New York, New York.



# EXHIBIT E-5(d)

Additional photograph taken September 6, 2026, depicting multiple pieces of mail and envelopes found on the ground beside the building ramp leading toward the basement at 640 West 139th Street, New York, New York.



# EXHIBIT E-6

Photograph taken February 28, 2026, depicting a handwritten notice posted inside the building concerning an allegedly taken parcel and requesting its return, including if opened. The photograph documents the notice as it appeared and its contents and is not offered to establish who took any parcel or whether the allegations written on the notice are true.



# EXHIBIT F

## U.S. POSTAL INSPECTION SERVICE

Complaint confirmation pages. These confirmations show submissions/recording only and do not establish findings of theft or tampering.

# EXHIBIT F

F-1 - Reference No. 38217251

/list/folders=1&listFilter=PRIORITY/messages/137?.src=ym&reason=myc&listFilte

Thank you for completing this form. The information you provided h
Service's national complaint system. This is the confirmation email.

Your Reference number is: 38217251

Complaints alleging mail tampering or theft by the public may be inv
of the US Postal Inspection Service. Please note that the US Posta
nformation is needed to proceed with your case.We encourage you
enforcement agency if you have not done so already. Depending or
heft may be investigated by local law enforcement. These agencie
losely with US Postal Inspection Service and other law enforceme
nforcement can take action based on local laws unavailable to fed
ware of important resources that may help you protect yourself fro
hat provide valuable information on mail theft prevention, identity th
taking to secure your mail:**Mail Theft Prevention Tips:** https://w

- Learn practical steps to safeguard your mail and reduce the

**dentity Theft Resources:** https://www.identitytheft.gov/

# EXHIBIT F

F-2 - Reference No. 38257758

noo.com/n/list/folders=1&listFilter=PRIORITY/messages/137?.src=ym&reason=myc&listFi

Thank you for completing this form. The information you provided has
Service's national complaint system. This is the confirmation email.

Your Reference number is: 38257758

Complaints alleging mail tampering or theft by the public may be inves
of the US Postal Inspection Service. Please note that the US Postal In
information is needed to proceed with your case.We encourage you to
enforcement agency if you have not done so already. Depending on th
theft may be investigated by local law enforcement. These agencies p
closely with US Postal Inspection Service and other law enforcement
enforcement can take action based on local laws unavailable to federa
aware of important resources that may help you protect yourself from
hat provide valuable information on mail theft prevention, identity thef
s taking to secure your mail:**Mail Theft Prevention Tips:** https://www

- Learn practical steps to safeguard your mail and reduce the ris

# EXHIBIT F

F-3 - Reference No. 38257771

ank you for completing this form. The information you provide
vice's national complaint system. This is the confirmation em

r Reference number is: 38257771

mplaints alleging mail tampering or theft by the public may be
he US Postal Inspection Service. Please note that the US Pos
ormation is needed to proceed with your case.We encourage y
orcement agency if you have not done so already. Depending
ft may be investigated by local law enforcement. These agen
sely with US Postal Inspection Service and other law enforcem
orcement can take action based on local laws unavailable to t
are of important resources that may help you protect yourself
t provide valuable information on mail theft prevention, identity
aking to secure your mail:**Mail Theft Prevention Tips:** https:/

- Learn practical steps to safeguard your mail and reduce t

**ntity Theft Resources:** https://www.identitytheft.gov/

- Access information on how to protect yourself from identity
compromised.

# EXHIBIT F

F-4 - Reference No. 38263092

Thank you for completing this form. The information you provided has been ent
Service's national complaint system. This is the confirmation email.

Your Reference number is: 38263092

Complaints alleging mail tampering or theft by the public may be investigated a
of the US Postal Inspection Service. Please note that the US Postal Inspection
information is needed to proceed with your case.We encourage you to also rep
enforcement agency if you have not done so already. Depending on the specifi
theft may be investigated by local law enforcement. These agencies play a criti
closely with US Postal Inspection Service and other law enforcement partners.
enforcement can take action based on local laws unavailable to federal law enf
aware of important resources that may help you protect yourself from mail theft
that provide valuable information on mail theft prevention, identity theft resourc
is taking to secure your mail:**Mail Theft Prevention Tips:** https://www.uspis.go

- Learn practical steps to safeguard your mail and reduce the risk of theft.

**Identity Theft Resources:** https://www.identitytheft.gov/

- Access information on how to protect yourself from identity theft and wha compromised.

**Mail Protection and Project Safe Delivery:** https://www.uspis.gov/project-safe

- Explore what the Postal Service is doing to ensure your mail remains sec

Your information will be used to support investigations of criminal, civil, or admin
18 U.S.C. 3061. Providing the information is vol

# EXHIBIT F

F-5 - Reference No. 38263106

PM

you for completing this form. The information you provid
's national complaint system. This is the confirmation er

eference number is: 38263106

aints alleging mail tampering or theft by the public may b
JS Postal Inspection Service. Please note that the US P
tion is needed to proceed with your case.We encourage
ment agency if you have not done so already. Dependin
ay be investigated by local law enforcement. These ager
with US Postal Inspection Service and other law enforce
ment can take action based on local laws unavailable to
of important resources that may help you protect yoursel
vide valuable information on mail theft prevention, ident
to secure your mail.Mail Theft Prevention Tips: https

earn practical steps to safeguard your mail and reduce

# EXHIBIT G-1

Public Facebook post - source, date, author, and building identification

Facebook
Open in the Facebook app
OPEN

facebook Open app Log in

**Columbia University Off-Campus Housing**
Liberty Martin · Aug 30, 2021 ·

**I'm writing this review to warn everyone about the landlord Mavi Gulcan Cetin. She also goes by Gull Çetin on Facebook. She manages apartments on the 2nd, 3rd, 4th and 6th floors of 640 West 139th St, one on each floor. She may manage more but those are the ones I'm aware of.**

TL;DR: Mavi doesn't do her job until relentlessly pressured to. She is a controlling micro-manager, does not respect professional boundaries as a landlord, and tries to hold onto security deposits. Know your rights as a tenant.

Let's start with the good:

Living in 640 West helped me transition from living in a dorm for four years to properly renting an apartment. My saving grace was that I only had a four month lease. Aside from the landlord problems that I'm about to get into, I would recommend the unit for someone who needs accommodation for the summer (while they take

AA facebook.com

Presented to identify the source and context of the post, including the August 30, 2021 date and its reference to 640 West 139th Street.

**EXHIBIT G-2**

Relevant excerpt concerning mailbox-key access

scramble to find a replacement.

Now, here is my personal experience:

• Mavi does not understand basic professional boundaries as a landlord. She walks in whenever she wants without prior warning and will even perform maintenance with her husband late at night (like 10pm or 11pm). She is a controlling micro-manager, for example, she does not let her tenants have a key to the mailbox and comments about whether the dishes are washed. She is far too over-familiar, such as the time she commented on my roommate's weight. I believe that Mavi preys on more inexperienced tenants like myself (first-time renters, students, people

Excerpt is cropped from the original screenshot to focus on the mailbox-key statement while retaining surrounding context. Unrelated portions of the post are omitted.

# EXHIBIT H

## Selected Publicly Filed Supreme Court Records

Konstantine Tsiskakis v. 618 Riverside Drive Owners Inc., et al.
Supreme Court of the State of New York, New York County
Index No. 166572/2025

Selected pages 1-3 of the Verified Petition and Complaint.
Offered for the limited purpose of documenting publicly alleged
corporate and governance relationships relevant to the subject building.

These pages are a court pleading containing allegations; they are not
presented as independent judicial findings that the allegations are true.

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

| | |
|---|---|
| KONSTANTINE TSISKAKIS,<br><br>Petitioner,<br>v.<br><br>618 RIVERSIDE DRIVE OWNERS, INC.; SOCRATES MOUTSAKIS; PANAGIOTIS MOUTSAKIS; THELMA LORA; GULCAN CETIN; JESUS DEL ROSARIO; and LESLIE RADWAN<br><br>Respondents. | Index No.:<br><br>**ARTICLE 78 VERIFIED PETITION AND COMPLAINT** |

Konstantine Tsiskakis, by his attorneys Kagen, Caspersen & Bogart PLLC and Horwitz and Zim Law Group, P.C., as and for his hybrid Article 78 Verified Petition and Complaint against 618 Riverside Drive Owners, Inc. (the "Coop Corporation") and the individual directors named herein (the "Director Respondents"), each of whom is a member of the Board of Directors of 618 Riverside Drive Owners, Inc. (the "Board") (collectively the "Respondents"), alleges as follows:

## PARTIES

1. Petitioner Konstantine Tsiskakis is a natural person over the age of eighteen and resides in Bonita Springs, Florida.

2. Petitioner Tsiskakis is a shareholder of 618 Riverside Drive Owners, Inc. (the "Coop Corporation") and is in good standing.

3. Petitioner Tsiskakis was one of the original sponsors of the Coop Corporation and has been involved in its governance and operations and devoted to its proper functioning since its inception.

4. Petitioner Tsiskakis served as a director of the Coop Corporation from its

founding in or about 1989 until he was purportedly removed at a special meeting of shareholders held on August 31, 2025.

5. Respondent 618 Riverside Drive Owners, Inc. is a domestic corporation organized and existing under the laws of the State of New York, with its principal office located at 640 West 139th Street, Apartment 66, New York, New York 10031. (618 Riverside Drive and 640 West 139th Street are alternate addresses for the same building in Hamilton Heights, Manhattan.)

6. Upon information and belief, the Coop Corporation owns and operates the residential cooperative building located at 618 Riverside Drive, New York, New York, which contains approximately sixty-two residential units.

7. Respondent Socrates Moutsakis is and at all relevant times was a member of the Board of Directors of the Coop Corporation and, upon information and belief, served as its Treasurer. Upon information and belief, he owns 640 West 139th Street, Apartment 26, and he resides in the State of New Jersey at 520 Summit Street, Englewood Cliffs, New Jersey 07632.

8. Respondent Panagiotis Moutsakis is and at all relevant times was a member of the Board of Directors of the Coop Corporation and a Sponsor of the cooperative. Upon information and belief, he resides in the State of New Jersey at 520 Summit Street, Englewood Cliffs, New Jersey 07632.

9. Respondent Thelma Lora was a member and President of the Board of Directors of the Coop Corporation until August 31, 2025. Upon information and belief, she resides at 640 West 139th Street, Apartment 36, New York, New York 10031.

10. Respondent Gulcan Cetin was a member of the Board of Directors of the Coop Corporation until August 31, 2025. Upon information and belief, he resides at 640 West

139th Street, Apartment 38, New York, New York 10031.

11. Respondent Jesus Del Rosario is and at all relevant times was a member of the Board of Directors of the Coop Corporation. Upon information and belief, he resides at 640 West 139th Street, Apartment 5, New York, New York 10031.

12. Respondent Leslie Radwan is and at all relevant times was a member of the Board of Directors of the Coop Corporation. Upon information and belief, she resides at 640 West 139th Street, Apartment 51, New York, New York 10031.

13. At all relevant times, the Coop Corporation was governed by a Board of Directors (the "Board") responsible for managing its affairs, including the conduct of shareholder meetings and the election and removal of directors.

14. Each of the individual Respondents was a member of the Board at the time of the August 31, 2025 special meeting and participated in, approved, authorized, or ratified the actions challenged in this proceeding.

## JURISDICTION AND VENUE

15. This Court has personal jurisdiction over Respondents and this proceeding pursuant to CPLR 301 because the Coop Corporation maintains its principal office in New York County and the individual Respondents participated in and ratified the actions challenged herein in New York County.

16. Venue is proper under CPLR §§ 7804(b) and 506(b) because the principal office of the corporate Respondent and the residence of certain individual Respondents is located in the City and County of New York, the Respondents refused to perform the duties required by law in the City and County of New York, and the material events which are the subject of this Petition took place within the City and County of New York.

# EXHIBIT I

## RENT RECEIPT

Receipt No. 0179355 - photograph of original physical receipt

